**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| FRED WILLIAMS, | : |
| | : |
| v. | : CASE NO.: 7:21-CV-35 (WLS) |
| | : |
| MARCUS H. CASON & | : |
| CITY OF THOMASVILLE, | : |
| | : |
| Defendants. | : |
| | : |

**ORDER**

Presently before the Court is Defendants' Unopposed Motion for Summary Judgment and corresponding Motion to Dismiss pursuant to Federal Rule Civil Procedure 41(b) which was filed on April 21, 2022. (Doc. 33.) For the reasons that follow, Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 41(b) (Doc. 33) is **GRANTED**. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. Defendants' Unopposed Motion for Summary Judgment (Doc. 33) is **DENIED WITHOUT PREJUDICE AS MOOT**.

**RELEVANT PROCEDURAL HISTORY**

Plaintiff initiated this action on March 24, 2021, by filing a Complaint. (Doc. 1.) Shortly thereafter, Plaintiff filed several new cases, involving the same issues and Defendants, which the Court consolidated into this one case. (Doc. 8.) As a result of one of those consolidations, the Court added Thomasville Police Department as a Defendant to this case for Plaintiff's claim of malicious prosecution for improper parking. (*Id.*)

Due to Plaintiff's failure to comply with either the Federal or Local Rules or this Court's instructions in those other cases, this Court issued an Order on June 4, 2021, noticing the Parties of their obligation to comply with the Court's rules and orders as well as Plaintiff's duty to prosecute this action. (Doc. 10.) The Court did so in order to make Plaintiff aware that failure to comply with the Rules or Court's orders could result in sanctions and the dismissal of his case. (Doc. 10.)

In spite of this early notice of his duties to comply with the Rules and this Court's instructions, Plaintiff has never done so. For example, on June 22, 2021, this Court entered its Rule 16/26 Order setting a discovery conference and ordering the Parties to confer and discuss their claims and defenses, arrange for initial disclosures, and develop and submit a joint proposed scheduling and discovery order. (Doc. 15.) On July 27, 2021, Defense Counsel noticed the Court – via email – that Plaintiff had never contacted Defense Counsel to discuss a proposed discovery order, despite Defense Counsel's attempts. (Doc. 22.) This Court accordingly issued Plaintiff an additional instruction in which the Court advised Plaintiff of the possible sanctions that could be levied against him for failure to comply with all Federal Rules, Local Rules and Orders of this Court, including dismissal pursuant to Fed. R. Civ. P. 41(b). (Doc. 22.) In Response, Plaintiff filed a letter stating that he had left Defense Counsel three (3) voicemails but that there was no need for discovery in this case. (Doc. 25.)

Perhaps due to his position that discovery was not necessary in this matter, Plaintiff subsequently failed to appear at the initial discovery conference, which was held on October 5, 2021 at 3:30pm. (Doc. 29.) The Court therefore issued a Show Cause Order on October 8, 2021 ordering Plaintiff to show cause why he should not be sanctioned and why his case should not be dismissed for failure to prosecute and failure to comply with this Court's Orders. (Doc. 30.) Plaintiff was given until Friday, October 29, 2021, to show cause. (Doc. 30.) To date, Plaintiff has not shown cause.

Finally, on April 21, 2022, Defendants filed a Motion for Summary Judgment or in the alternative a Motion to Dismiss for Failure to Prosecute. (Doc. 33.) In support of their Motion to Dismiss for failure to Prosecute, Defendants showed that Plaintiff had failed to appear at his own deposition. (Doc. 33-3.) The Court noticed Plaintiff that a Motion for Summary Judgment had been filed on April 22, 2022. (Doc. 34.) That notice, noticed Plaintiff that failure to oppose Defendants' Motion may result in a final judgment being rendered against Plaintiff without the need for a trial. (*Id.*) To date, Plaintiff has not filed a Response.

Accordingly, briefing has concluded, and Defendants' Motion (Doc. 33) is ripe for disposition.

2

## DISCUSSION

Fed. R. Civ. P. 41(b) provides that [i]f the plaintiff fails to prosecute or to comply with … a court order, a defendant may move to dismiss the action or any claim against it." In order to dismiss an action under Rule 41(b) the Court "must find (1) a clear record of delay or willful contempt and (2) that lesser sanctions would not suffice." *Haji v. NCR Corp.*, 834 F. App'x 562, 563 (11th Cir. 2020). Dismissal under Rule 41(b) is an extraordinary remedy to be "used in the most extreme cases." *Id*. However, where there has been forewarning sufficient to put the litigant on notice of the possibility of dismissal or other sanctions, dismissal under Rule 41(b) is not an abuse of discretion. *Id*., *see also Moon v. Newsome*, 863 f.2d 835, 837 (11th Cir. 1989) With notice, dismissal of a *pro se* complaint may be appropriate "even where less drastic sanctions are available." *Amerson v. Comm'r, Georgia Dep't of Corr.,* 2022 U.S APP. LEXIS 5817 (11th Cir. Mar. 4, 2022); *see also Jahi*, 834 F. App'x at 563 ("[P]ro se litigants who ignore … orders are subject to sanctions like any other litigant.")

This Court's June 4, 2021, (Doc. 10) July 30, 2021, (Doc. 22) October 8, 2021 (Doc. 30) and April 22, 2022 (Doc. 34) Orders clearly noticed Plaintiff of his duties to obey the rules and this Court's orders, as well as his duty to respond to Defendant's Motions, and that failure to comply could result in a final judgment being rendered against him or his case dismissed. While the Court recognizes that Plaintiff is proceeding *pro se* and may not be aware of the "subtleties of modern motion practice[,]" the Court has appropriately put Plaintiff on notice of his responsibilities to prosecute the case, and that failure to oppose could result in a final judgment being rendered against him. *See Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985.) The Court therefore finds that Plaintiff, having received sufficient notice of his rights, obligations, and potential consequences for failure to prosecute this action, is not shielded from sanctions.

After a thorough review of the record and the propriety of a Rule 41(b) sanction, the Court finds dismissal under Rule 41(b) is warranted in the present case. The Court notes that the record demonstrates multiple instances of undue delay and missed deadlines, and that Plaintiff has failed to comply with this Court's previous instructions laid out in its previous Orders. After four (4) clear warnings to Plaintiff regarding responsibilities in this action

3

Plaintiff's inaction in this case indicates either an unwillingness or an inability to comply with this Court's orders. In addition, Plaintiff's failure to respond to this Court's Show Cause Order (Doc. 30) is evidence of willful contempt.

Based on this record, the Court finds that further delay would be unfair to the Defendants and lead to unnecessary costs in this abandoned action. In addition, based on Plaintiff's refusal to engage in good faith in discovery, as evidenced by Plaintiff's absence from the initial discovery conference as well as failure to attend his deposition, the Court finds that a lesser sanction would not suffice. *See Phipps v. Blakeney*, 8 f.3d 788, 790 (11th Cir. 1993) (Courts have "broad discretion to control discovery," including "the ability to imposed sanctions on uncooperative litigants.").

Accordingly, for the reasons stated, Defendant's Motion to Dismiss (Doc. 33) pursuant to Fed. R. Civ. P. 41(b) for lack of prosecution is **GRANTED**. It is hereby **ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. Defendant's Motion for Summary Judgment (Doc. 33) is **DENIED WITHOUT PREJUDICE AS MOOT**.

**SO ORDERED**, this 7th day of February 2023

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**